UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

ELDA RIVERA,

       Plaintiff,

v.

GCA SERVICES GROUP, INC., GCA
EDUCATION SERVICES, INC. a/k/a GCA
EDUCATIONAL SERVICES, INC. f/k/a
SOUTHERN BUILDING SERVICE, INC.,
d/b/a ABM BUILDING VALUE,

       Defendants.

## COMPLAINT

Plaintiff ELDA RIVERA ("Plaintiff") sues defendants GCA SERVICES GROUP, INC., GCA EDUCATION SERVICES, INC. a/k/a GCA EDUCATIONAL SERVICES, INC. f/k/a SOUTHERN BUILDING SERVICE, INC. d/b/a ABM BUILDING VALUE, ("Defendants"), and alleges as follows:

## NATURE OF ACTION

1. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district, Defendants reside in this judicial district, and the employment records of Plaintiff are stored or have been administered in this judicial district.

## PARTIES

4. At all times material, Plaintiff was and is a resident of Miami-Dade County, Florida.

5. At all times material, Defendants provided janitorial services in Miami-Dade County, Florida. Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. Defendants share employees or interchange employees, work in the direct interest of one another, and their employees are in the common control of both companies. Defendants are an integrated enterprise, agents of one another, or joint employers. Alternatively, each Defendant is a covered employer under the FMLA.

6. At all times material, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A). Plaintiff specifically incorporates the definition of "eligible employee" under the FMLA.

7. At all times material, Defendants were "employers" as defined by the FMLA, 29 U.S.C. § 2611(4).

8. At all times material, Defendants employed at least fifty employees within seventy-five miles of Plaintiff's worksite.

9. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## GENERAL ALLEGATIONS

10. At all times material, Plaintiff was employed by Defendants at the University of Miami performing janitorial services.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800  Telephone: 305.503.5131
Aventura, Florida 33180  Facsimile: 888.270.5549

11. Plaintiff performed her work admirably and was revered by her colleagues with whom she worked.

12. Plaintiff required surgery on her eye that necessitated inpatient care and ongoing treatment.

13. Plaintiff immediately informed her supervisor, Jessica David ("David"), that she was scheduled to undergo surgery on her eye on November 5, 2019, to be followed by a one-month recovery period. David informed Plaintiff that it was "no problem" and that she would similarly notify her supervisor, Fernando (ULN).

14. Plaintiff kept Defendants informed of her need for surgery, the date of her surgery, and of the need for recovery from the surgery.

15. On or about November 5, 2019, Plaintiff underwent surgery on her eye.

16. Plaintiff returned to work for Defendants on December 2, 2019. Plaintiff also worked on December 3, 2019.

17. On December 3, 2019, after working for two days, Defendants informed Plaintiff that she was allegedly terminated nearly one month prior, on November 4, 2019.

18. Defendants stated that Plaintiff was terminated due to her abandoning her position; however, this was clearly pretextual.

19. As of the date of this filing, Defendants never notified Plaintiff of her eligibility to take FMLA leave or explained to Plaintiff what the FMLA was.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS – FAILURE TO PROVIDE NOTICE

20. Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

21. Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

3

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800   Telephone: 305.503.5131
Aventura, Florida 33180   Facsimile: 888.270.5549

22. At all times material, Plaintiff gave proper notice to Defendants by informing it of her serious medical condition and need for surgery and recovery.

23. Plaintiff provided enough information for Defendants to know that her potential leave may be covered by the FMLA.

24. Defendants were aware that Plaintiff was unable to work due to her serious medical condition.

25. At all times material hereto, Plaintiff communicated with Defendants regarding her serious medical condition.

26. Defendants had knowledge of Plaintiff's serious medical condition and the reason for Plaintiff's absence.

27. Despite its knowledge of Plaintiff's serious medical condition, Defendants failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave.

28. Upon information and belief, Defendants failed to keep posted a notice explaining the provisions of the FMLA and providing information concerning the procedures for filing complaints of FMLA violations with the Wage and Hour Division.

29. Instead of informing Plaintiff of her rights under the FMLA, Defendants terminated Plaintiff, falsely accusing her of having "abandoned" her job.

30. By failing to notify Plaintiff of her FMLA rights, Defendants interfered with Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Enter judgment in favor of Plaintiff and against Defendants for their violations of the

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800  Telephone: 305.503.5131
Aventura, Florida 33180  Facsimile: 888.270.5549

FMLA;

B. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

C. Award Plaintiff liquidated damages based on Defendants' conduct;

D. Order reinstatement;

E. Award Plaintiff prejudgment interest on any award of damages;

F. Award Plaintiff reasonable costs and attorney's fees;

G. Award Plaintiff any further relief pursuant to the FMLA; and

H. Grant Plaintiff such other and further relief, as deemed equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## COUNT II: INTERFERENCE WITH FMLA RIGHTS – TERMINATION

31. Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

32. Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

33. At all times material, Plaintiff gave proper notice to Defendants by informing it of her serious medical condition and need for surgery and recovery.

34. Plaintiff provided enough information for Defendants to know that her leave, or potential leave, may be covered by the FMLA.

35. Defendants were aware that Plaintiff was unable to work due to her serious medical condition.

36. At all times material hereto, Plaintiff communicated with Defendants regarding her serious medical condition.

5

SAENZ & ANDERSON, PLLC
───────────────────────────────────────────────
20900 NE 30th Avenue, Suite 800    Telephone: 305.503.5131
Aventura, Florida 33180            Facsimile: 888.270.5549

37. Defendants had knowledge of Plaintiff's serious medical condition and the reason for Plaintiff's absence from work.

38. Defendants allegedly terminated Plaintiff on November 4, 2019; however, Plaintiff's final day of work for Defendants was on December 3, 2019.

39. By terminating Plaintiff, Defendants interfered with Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Enter judgment in favor of Plaintiff and against Defendants for their violations of the FMLA;

B. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

C. Award Plaintiff liquidated damages based on Defendants' conduct;

D. Order reinstatement;

E. Award Plaintiff prejudgment interest on any award of damages;

F. Award Plaintiff reasonable costs and attorney's fees;

G. Award Plaintiff any further relief pursuant to the FMLA; and

H. Grant Plaintiff such other and further relief, as deemed equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: March 30, 2020.                    Respectfully submitted,

By: **/s/ R. Martin Saenz**
R. Martin Saenz, Esq.
Fla. Bar No.: 640166
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131

6

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800    Telephone: 305.503.5131
Aventura, Florida 33180            Facsimile: 888.270.5549

Facsimile: (888) 270-5549
*Counsel for Plaintiff*

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800        Telephone: 305.503.5131
 Aventura, Florida 33180               Facsimile: 888.270.5549